## INFERENCE OF NEGLIGENCE AGAINST WAREHOUSEMAN.

Circuit Court of Cuyahoga County.

THOMAS DAVE BROWN ET AL V. MRS. ALBERT BRAY.*

Decided, November 1, 1909.

*Motion to Make Petition Definite and Certain—Warehouseman—Inference of Negligence—His Duty to Remove it—Charge as to Absence of Party from Court Room—Apportionment of Costs on Retrial of Case, Discretionary.*

1. In an action against a warehouseman for damages to a piano and china closet stored with him, by reason of his negligence in permitting the varnish on said articles to become checked, the veneering loosened, the ivory on the keys of the piano loosened, its metal rusted, etc., all to her damage in a certain sum, it is not error to overrule a motion to make the petition definite and certain by setting out after each item the amount of damage claimed therefor.

2. If goods are placed in the care of a warehouseman in a certain condition and are returned to the owner in a worse condition and one which would not ordinarily arise without negligence, an inference arises that the goods were damaged by the negligence of the warehouseman and under such circumstances it is not erroneous to charge that such inference of negligence must be removed by the warehouseman.

3. Under the facts of this case, the plaintiff having testified by deposition, being absent on a pleasure trip in California, it is not erroneous to charge that "the presence or absence of the parties in the court room should not influence you in the least."

4. Upon reversal and retrial of a cause with the same result, it is not an abuse of discretion to refuse to apportion the cost.

*J. J. McCormick,* for plaintiff in error.
*J. A. Fenner,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by Mrs. Bray against T. D. Brown and Wm. P. Herig, partners doing business as the Eagle Storage & Moving Company. The petition set out that the defendants were carry-

* Affirmed without opinion, *Brown* v. *Bray,* 83 Ohio State, 462.

ing on a business as public warehousemen and movers; that on the 3d day of May, 1905, she placed with the defendant as such warehousemen, for storage, certain articles of furniture, including a piano and a china closet; that when she so placed this property with the defendants, the same was in good condition. She says that this bailment continued until the 3d day of April, 1906, on which day the defendants returned her property to her, but when it was so returned the piano was greatly damaged in "that the varnish and finish of piano was checked; the veneering roughened and loosened; the ivory on piano loosened, the keys would not work, the felt on piano loosened, and metal parts rusted and damaged."

She says that by reason of this it became necessary to have the piano refinished and repaired, which took from the 3d of April to the 23d of September, 1906, during all of which time she was deprived of the use of the piano. She says, too, that when the china cabinet was returned to her, the varnish and finish of the same was damaged and ruined by being checked and roughened, and that by reason of the condition of this property, when restored to her, as compared to its condition when delivered to the defendants, she was damaged in the sum of $150.

To this petition the defendant filed a motion asking that the plaintiff be required to make the petition more definite and certain, by stating the various amounts of damage sustained by said plaintiff opposite each item, and the cost or expense thereof.

Doubtless what was meant was, that the plaintiff be required to make her petition definite and certain, and not "more definite and certain." The statute authorizes the former and not the latter, because evidently the law-makers supposed that that which was definite and certain need not be made more definite and certain. However, the language used is that often used by pleaders, and will be considered as if it read in the language of the statute.

This motion was properly overruled.

To require the amendment suggested by this motion would have required of the plaintiff to set out specifically what amount she suffered by the fact that "the varnish and finish of the piano is checked"; what amount she suffered by reason of the fact that "the veneering was roughened and loosened"; and what amount was suffered by her because "the ivory on the piano was loosened," and so on as to each item. Carried to its logical conclusion, if the defendants were entitled to have such an amendment made, the court might have required that she state just what number of the ivories were loosened and the amount of damage done to each one of such keys; just what particular pieces of metal were rusted and damaged and the amount she suffered by the rusting of each one of these several pieces of metal. As well might one be required, in case of a personal injury, where several bones had been broken, to make a statement of what amount of damage the plaintiff would claim by reason of the breaking of each bone, and if, in addition to the breaking of bones there was a claim for the bruising of the body, just how much was claimed by reason of such bruises.

The petition was sufficiently definite to apprise the defendants of what the plaintiff claimed, and to have required more than stated in this petition would have required the plaintiff to do what would, in most instances, be an impossibility; certainly it would be impracticable for one to state definitely the exact amount suffered in damage by reason of each of these several matters complained of.

The result of the trial was a verdict and judgment in favor of the plaintiff below, and it is to reverse this judgment that the present proceeding is brought.

It is said the court erred in refusing to grant a new trial. One of the grounds upon which this claim is made, is that the defendants (the plaintiffs in error) discovered new evidence after the trial.

An examination of the bill of exceptions fails to show what evidence was introduced on the hearing of the motion, so that we are without information as to what such new evidence was.

It is further urged that the damages allowed were excessive and appear to have been given under the influence of passion and prejudice.    The damages awarded were $100.

We do not find from the evidence that this amount was so excessive as to show it was given under the influence of passion or prejudice.    It is possible that we might have found the damages to have been less, but it was a fair question for the jury, and if properly submitted, as we find it was, we can not say it is clearly excessive.

The other grounds for new trial will be considered in connection with the questions as they arose in the trial.

It is urged that the court erred in its charge to the jury, because it is said that a burden was placed upon the defendants which ought not to have been so placed.    The court said in relation to the burden as follows:

"This denial of the defendants causes the burden of proof to devolve upon the plaintiff to prove the charge against the defendants it makes in the petition by a preponderance of the evidence."

Again the court said:

"Now I have stated the burden of proof is upon the plaintiff to prove the allegations upon which liability depends by a preponderance of the evidence.    That charge is the negligent failure of the defendants to properly and safely keep those two articles thus stored with the defendants."

And the court further said:

"If the plaintiff has not proved by a preponderance of the evidence that the defendants were negligent, that is, that the defendants did fail to use ordinary care, then your verdict should be for the defendant.    If, on the contrary you find that the defendants failed to use ordinary care of these two articles of furniture and that damage resulted to the plaintiff by reason of such negligence or want of ordinary care by the defendants then the plaintiff would be entitled to recover."

And again:

"But if you find that the goods had suffered injury while they were stored, then proceed to take up the question whether the plaintiff has proved by a preponderance of the evidence that

the defendants were guilty of negligence in the manner of keeping it, which resulted in such injury.''

And again:

''If, on the contrary, you find plaintiff to have proved negligence of the defendants causing injury to her goods, you will then take up the question of what damage under the proof she has shown to have sustained.''

Certainly all this language placed the burden, as it should have been placed, upon the plaintiff below.

The court, however, said to the jury, and this is what is complained of:

''That if you find that the goods stored by plaintiff with the defendants were given into the defendant's exclusive possession to keep while in storage and the property was returned to the plaintiff in a damaged condition, that is, damaged as compared to what it was in when defendants received it, in other words, that the goods had been injured while in storage and it is shown that the injury or injuries are such as do not ordinarily occur to goods thus stored, without negligence, proof of these facts may make a *prima facie* case against the defendants, justifying the inference of negligence on their part in the manner of keeping the goods in storage, and if this inference arises in the evidence in this case, then it is for them, the defendants, to remove such inference to avoid its operation against them in determining this question of negligence. This, they may do, by showing the injury did not occur through their negligent care of the goods, or they may remove such inference, of it arises, by showing the exercise of such care of the goods, the doing of such things, the keeping in such place, etc., as removes the inference of negligence which may arise in your minds from the evidence in this case. Now if such inference does arise, and if they have removed such inference then I say to you, determine from the evidence in this case without resorting to any such inference, whether or not the plaintiff has shown in the proof by a preponderance of the evidence that the defendants were guilty of negligence causing the injury to her goods to her damage.''

Now it will be noticed that there is no language of the court which suggests to the jury here that the defendants were bound to remove any inference which might arise by reason of the difference in the condition of the goods when they left the pos-

session of the defendants, from their condition when the defendants received them, by a preponderance of the evidence. Certainly if the goods went into the possession of the defendants in a certain condition, and if when they were returned to the plaintiff they were in a worse condition, and one which would not arise ordinarily without negligence on the part of the defendants, every sensible man would draw the inference that there had been negligence, and that inference, the court said, if such inference arose, must be removed. But, as already said, no suggestion is made that it requires a preponderance of evidence to remove it. Counsel for plaintiff in error seems to understand the language of the court as putting a burden upon the defendants to show that they were not guilty of negligence. This, taken in connection with what the court said on the matter of the burden, is not a fair construction of the language. From what the court said the jury might well find that the inference was overcome not by a preponderance of evidence, but by sufficient evidence to remove the inference. That is, the evidence on each side being equal, and the burden being upon the plaintiff, as the court plainly said it was, the jury following the charge of the court in this regard, must have found that they were not to be influenced by this inference.

There was no error on the part of the court in the charge as to the removal of the inference resulting from the condition of the goods at the time they were restored to the plaintiff.

At the trial in the court of common pleas, the plaintiff was not personally present. She was at Long Beach in the state of California, and her deposition was there taken and used on the trial. The court said in its charge in relation to the use of this deposition:

"I want to say to you gentlemen, give attention to all the testimony in the case. For me to emphasize one particular more than another would probably be erroneous; look to all the proof in the case. I have been requested while arguments have been going forward to charge you something on the question of absence of the plaintiff herself who has testified as to being at the sea shore in California. I say to you simply because requested, I think I need not say it, that the parties may testify by deposi-

tion and in such case they lose no rights by reason of not being present in court, and the presence or absence of the parties in the court room should not influence you in the least.''

Since the statute provides for evidence to be taken and furnished by deposition, what the court said, up to the last sentence, was undoubtedly correct. It was the business of the jury to consider all the evidence, as well that taken by deposition, even though it were the deposition of a party to the suit, as any other evidence. The last sentence ''And the presence or absence of the parties in the court room should not influence you in the least,'' perhaps, could not be justified in all cases, because the very absence of a party to the case who could easily be present and testify on a matter of vital importance in the case, might very well be taken into account by the jury. But, in this case, the language used was not, as we think, prejudicial to the defendants. The deposition shows that the plaintiff was in California on a journey for pleasure. It is by no means a suspicious circumstance that a party having a case involving the small amount involved in this case should not come thousands of miles, and thereby break up an expensive journey taken for pleasure, for the purpose of being present at the trial of the law suit. We think the jury should not have been influenced one way or the other by the fact that this plaintiff did not come home from California to be present at this trial, and therefore that the language used by the court was not prejudicial to the defendants.

Some complaint is made because there was no apportionment of costs in this case, error in the case having been once prosecuted in this court, after a judgment was obtained by the plaintiff below, and reversal had. The matter of costs, if they might have been apportioned at all, was a matter wholly in the discretion of the court, which we do not find was abused, and so we find no error in the record, and the judgment of the court of common pleas is affirmed.